IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC; AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC.; SBC INTERNET SERVICES, INC.; AND WAYPORT, INC.,<br><br>Defendants. | Civil Action No. 12-cv-193-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES II LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC; AT&T MOBILITY II LLC; NEW CINGULAR WIRELESS SERVICES, INC.; SBC INTERNET SERVICES, INC.; AND WAYPORT, INC.,<br><br>Defendants. | Civil Action No. 13-cv-1631-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC.,<br><br>Defendants. | Civil Action No. 13-cv-1632-LPS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>T-MOBILE USA, INC., T-MOBILE US, INC.,<br><br>    Defendants. | Civil Action No. 13-cv-1633-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES I LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P.,<br><br>    Defendants. | Civil Action No. 13-cv-1634-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P.,<br><br>    Defendants. | Civil Action No. 13-cv-1635-LPS<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES CELLULAR CORPORATION,<br><br>   Defendant. | Civil Action No. 13-cv-1636-LPS<br><br>JURY TRIAL DEMANDED |
| INTELLECTUAL VENTURES II LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES CELLULAR CORPORATION,<br><br>   Defendant. | Civil Action No. 13-cv-1637-LPS<br><br>JURY TRIAL DEMANDED |

**FIRST SCHEDULING ORDER**

This 10th day of October, 2013, the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and Default Standard Disclosures</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Paragraph 3 of the Default Standard by **October 24, 2013**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which

is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

    i. Plaintiffs' disclosures pursuant to paragraph 4(a) of the Default Standard shall be served on or before **October 3, 2013**.

    ii. Defendants' production of core technical documents pursuant to paragraph 4(b) of the Default Standard shall be served on or before **October 31, 2013**.

    iii. Plaintiffs shall reduce the number of claims to 5 per common specification by **December 12, 2013**.

    iv. Plaintiffs' infringement contentions, pursuant to paragraph 4(c) of the Default Standard, shall be served on or before **December 19, 2013**.

    v. Defendants' invalidity contentions, pursuant to paragraph 4(d) of the Default Standard, shall be served on or before **February 13, 2014**.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 5, 2014**.

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **December 20, 2014**.

    b. <u>Document Production</u>. Document production shall be substantially complete by **August 28, 2014**.

    c. <u>Depositions</u>. Depositions may begin on **December 19, 2013**.

      i. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    d. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact chambers at (302) 573-4571 to schedule a telephone conference. On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

  Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

  If a discovery related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than **October 24, 2013**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(d) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

8. <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

9. <u>Claim Construction Issue Identification</u>. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **March 13, 2014**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **April 3, 2014**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be

submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10. Claim Construction Briefing. The parties shall contemporaneously submit initial briefs on claim construction issues on **May 1, 2014**. The parties' answering/responsive briefs shall be contemporaneously submitted on **June 19, 2014**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. The parties are directed to meet and confer and by March 13, 2014 submit a joint proposal, or competing proposals if they cannot agree, for page limits for opening and answering briefs. Expert discovery relating to claim construction shall be complete by **July 10, 2014**.

11. Hearing on Claim Construction. Beginning at 9:00 a.m. on **July 18, 2014**, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

_____
UNITED STATES DISTRICT JUDGE